O
JS-6

# United States District Court
# Central District of California

| | |
|---|---|
| CARLA LEE BROADBENT ROGERS and JOHN WILLIAM ROGERS, <br><br> Plaintiffs, <br><br> v. <br><br> SELECT PORTFOLIO SERVICING, INC. and DOES 1–10, inclusive, <br><br> Defendants. | Case No. 2:14-cv-02517-ODW(VBKx) <br><br> **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS COMPLAINT [7] AND DENYING PLAINTIFFS' MOTION TO REMAND [12]** |

## I.  INTRODUCTION

Before the Court is Defendant Select Portfolio Servicing, Inc.'s ("SPS") unopposed Motion to Dismiss Complaint under Federal Rule of Civil Procedure 12(b)(6).  (ECF No. 7.)  The Motion to Dismiss was filed shortly after this action was removed from Los Angeles County Superior Court on the basis of diversity jurisdiction under 28 U.S.C. § 1332.  (ECF No. 1.)  For the reasons discussed below, the Court **GRANTS** the Motion to Dismiss **WITHOUT LEAVE TO AMEND**.  The Court also **DENIES** an ill-timed and ill-advised Motion to Remand filed by Plaintiffs Carla Lee Broadbent Rogers and John William Rogers.[1]  (ECF No. 12.)

---

[1] Having carefully considered the papers filed in support of and in opposition to the Motion to Dismiss as well as the grounds for the Motion to Remand, the Court deems the matters appropriate for decision without oral argument.  Fed. R. Civ. P. 78; L.R. 7-15.

## II.   FACTUAL BACKGROUND

Plaintiffs assert four state-law claims in their Complaint based on SPS's alleged mishandling of an application for a loan modification under the Home Affordable Modification Program ("HAMP").  (*See* ECF No. 1, Ex. A ("Compl.").)  Plaintiffs inherited real property located at 420 San Francisco Avenue in Pomona, California (the "Property") in 2004.  (Compl. ¶¶ 1, 9.)  They made regular payments on their home loan until 2009.  (*Id.* ¶ 10.)  Plaintiffs allege that they sought mortgage assistance from a non-defendant starting in 2012.  (*Id.* ¶ 14.)  Their loan servicer changed to SBS in 2013, and Plaintiffs allege that they continued to seek a loan modification until they were ultimately told that they did not qualify under HAMP.  (*Id.* ¶ 15.)  The Complaint makes reference to a Notice of Default being filed but does not specify the date.

This action was removed to federal district court on April 3, 2014.  On April 10, 2014, SBS filed the instant Motion to Dismiss with a noticed hearing date of May 19, 2014.  Opposing papers were due no later than Monday, April 28, 2014.  *See* L.R. 7-9 (requiring opposing papers to be filed no later than 21 days before the hearing date of a motion).  The Court has received no opposition from Plaintiffs to date.  However, on May 5, 2014—after SBS filed its Reply regarding Plaintiffs' failure to oppose— Plaintiffs filed a Motion to Remand.  (ECF No. 12.)

## III.   LEGAL STANDARD

Dismissal under Rule 12(b)(6) can be based on "the lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  For a complaint to sufficiently state a claim, its "[f]actual allegations must be enough to raise a right to relief above the speculative level."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  While specific facts are not necessary so long as the complaint gives the defendant fair notice of the claim and the grounds upon which the claim rests, a complaint must nevertheless "contain sufficient factual matter, accepted as true, to

state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). When considering a Rule 12(b)(6) motion, a court is generally limited to the pleadings and must construe "[a]ll factual allegations set forth in the complaint . . . as true and . . . in the light most favorable to [the plaintiff]." *Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001). Conclusory allegations, unwarranted deductions of fact, and unreasonable inferences need not be blindly accepted as true by the court. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). Yet, a complaint should be dismissed only if "it appears beyond doubt that the plaintiff can prove no set of facts" supporting plaintiff's claim for relief. *Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999).

## IV. DISCUSSION

The Court turns first to Plaintiffs' Motion to Remand, which was filed a week *after* the deadline to oppose the Motion to Dismiss. There are no legal grounds upon which this Court may remand this action—a fact that Plaintiffs' counsel should be well aware of as a licensed attorney subject to the requirements of Federal Rule of Civil Procedure 11.[2] In the Motion to Remand, Plaintiffs concede that diversity jurisdiction exists. (ECF No. 12, at 4:4.) Accordingly, the Motion to Remand is **DENIED** because this Court has federal subject-matter jurisdiction under 28 U.S.C. § 1332.

Instead, the Court finds that the Motion to Remand is really just a late-filed and hastily written opposition to the Motion to Dismiss. While couched in law regarding supplemental jurisdiction—which is irrelevant to this action since no federal claims exist—Plaintiffs reference dropping three of their four state-law claims and discuss an arguable split of authority with regard to the sufficiency of Plaintiffs' negligence claim. This attempt to circumvent the well-established briefing schedule for motions is entirely unacceptable. Therefore, the Court will not consider Plaintiffs' arguments

---

[2] Not only does the Motion to Remand lack legal substance, but Plaintiffs failed to include a Notice of Motion and proposed order. *See* L.R. 6-1, 7-20. Plaintiffs also failed to comply with Local Rule 7-3, requiring parties to meet and confer with opposing counsel prior to filing any motion.

in addressing the merits of the Motion to Dismiss, and Plaintiffs' counsel is warned that failure to comply with Rule 11 in the future will result in monetary sanctions.

Failure to timely oppose SBS's Motion to Dismiss may be deemed as consent to granting the Motion. *See* L.R. 7-12. Nevertheless, the Court addresses the merits of the Motion to Dismiss and finds that all four of Plaintiffs' claims fail under Rule 12(b)(6) as a matter of law.

Plaintiffs' first claim for negligence fails because a necessary element of any negligence claim is a legal duty, and SPS—as a loan servicer—owes no duty of care to a borrower. *See, e.g.*, *Nymark v. Bank of Am., N.A.*, 186 Cal. App. 3d 1089, 1096 (1991) ("[A]s a general rule, a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money."); *Lyons v. Bank of Am., N.A.*, 2011 WL 3607608, at *7–8 (N.D. Cal. Aug. 15, 2011) (holding that loan servicer owed no duty of care to borrower who sought loan modification under HAMP).

Plaintiffs' second and third claims for negligent misrepresentation and promissory estoppel fail because Plaintiffs cannot connect SPS's alleged misrepresentations regarding a loan modification to foreclosure proceedings. According to the Complaint, SPS did not begin servicing Plaintiffs' loan until 2013. (Compl. ¶ 14.) But foreclosure proceedings began in 2009 with the latest foreclosure document being recorded against the Property in 2011. (RJN Exs. C–E, G.[3]) Even if SBS misrepresented its review of Plaintiffs' loan modification, Plaintiffs' alleged damage—notice of default and foreclosure on the Property—began long before that occurred. *Cadio v. Owens-Illinois, Inc.*, 125 Cal. App. 4th 513, 519 (2004) (stating that necessary elements of a claim for negligent misrepresentation include justifiable reliance and resulting damages); *US Ecology, Inc. v. State of Cal.*, 129 Cal. App. 4th 887, 905 (2005) (holding that causation is an element of a promissory estoppel claim).

---

[3] The Court **GRANTS** SBS's Request for Judicial Notice to the extent that the Court relies on the documents contained therein. (ECF No. 8.) The documents are recorded on the title of the Property and not subject to reasonable dispute. *See Lee v. City of L.A.*, 250 F.3d 668, 689 (9th Cir. 2001).

Plaintiffs' final claim for violations of California's Homeowners Bill of Rights ("HBOR") also fails. The Court finds that the Complaint raises only two alleged violations of the HBOR—the first is that SBS engaged in "dual tracking" and the second is that SBS failed to provide Plaintiffs with a single point of contact when seeking a foreclosure-prevention alternative. The Court finds the allegations in the Complaint insufficient to give rise to these violations. Moreover, the Court notes that Plaintiffs indicated their intent to dismiss this claim in their ill-advised Motion to Remand.

## V.   CONCLUSION

For the reasons discussed above, including Plaintiffs' failure to oppose, the Court **GRANTS WITHOUT LEAVE TO AMEND** SBS's Motion to Dismiss in its entirety. (ECF No. 7.) The Court finds that amendment would be futile under the circumstances and that allowing Plaintiffs to amend after failing to timely or properly oppose this Motion would only serve to unduly prejudice SBS. *See Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir.1986); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000); Fed. R. Civ. P. 15(a). The Court also **DENIES** Plaintiffs' Motion to Remand. (ECF No. 12.) The Clerk of Court shall close this case.

**IT IS SO ORDERED.**

May 6, 2014

_____
**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**